### Samuel Robinson *vs.* George Williams.

A., B., C., and D. were proprietors of a fishery, and B., who was called agent, treasurer
and clerk, received the money for the sales of the fish, made the disbursements, and
kept the accounts: The accounts were settled, and a balance struck in favor of the
proprietors; but B. omitted to pay to D. the balance that belonged to him. *Held*,
that D. might maintain assumpsit against B. to recover said balance, without first
making a special demand of payment.

THIS was an action of assumpsit, commenced in April 1842,
to recover one eighth part of the profits of the fishery, in 1837,
at the Shad Hole, so called, in Raynham.   Trial in the court
of common pleas, before *Williams*, C. J. whose report thereof
was as follows :

There was evidence tending to prove that the plaintiff, the
defendant, Albert A. Andrews and Andrew Caswell, were pro
prietors of said fishery, for the year 1837; that the defendant
was the agent, treasurer and clerk of said proprietors, received
all the money for the sales of fish, made all the payments and
disbursements for expenses, and kept all the accounts; that, at
the close of the fishing season, the defendant and the said An
drews examined said accounts, found that a profit had been made,
and that a balance of cash, amounting to $320, belonging to
said proprietors, was then in the hands of the defendant, of which
balance he then paid to said Andrews his share, being $80.

It did not appear that any demand of payment was made on the defendant, by the plaintiff, for his said share, before the commencement of this action. The defendant denied that the plaintiff was a part owner of said fishery.

The evidence was submitted to the jury, with instructions, that if the facts which the evidence tended to prove were satisfactorily proved, the plaintiff was entitled to a verdict, without proving a special demand of payment and a refusal by the defendant; and the jury returned a verdict for the plaintiff. The defendant alleged exceptions to said instruction.

*Holmes*, for the defendant, to show that he, being agent, &c. of the owners of the fishery, was not liable to a suit before special request to pay, cited 1 Comyn on Con. (1st ed.) 261; *Topham* v. *Braddick*, 1 Taunt. 572; *Jefferies* v. *Sheppard*, 3 Barn. & Ald. 696; *Rathbun* v. *Ingalls*, 7 Wend. 320; *Taylor* v. *Bates*, 5 Cow. 376; *Ex parte Ferguson*, 6 Cow. 596; and *Clark* v. *Moody*, 17 Mass. 148.

*Coffin & Pratt*, for the plaintiff. The defendant stands on the same ground as any other partner after a settlement of all the partnership concerns; and a demand on him is not prerequisite to a suit. The case is analogous to trover, where no demand is necessary in order to prove a conversion, if the defendant has committed a tort. The present defendant wrongfully withheld the money from the plaintiff, when it was his duty to pay him. *Brigham* v. *Eveleth*, 9 Mass. 538. *Wilby* v. *Phinney*, 15 Mass. 116. *Fanning* v. *Chadwick*, 3 Pick. 420. *Brinley* v. *Kupfer*, 6 Pick. 179. *Wait* v. *Gibbs*, 7 Pick. 146. *Hunt* v. *Nevers*, 15 Pick. 500.

SHAW, C. J. We must judge of the relation in which the defendant stood to the plaintiff, not by the names given to him, "agent, treasurer and clerk," but by the actual relation, as stated by the facts. We understand that it is found by the jury, that the four persons named in the judge's report were proprietors of the fishery, that is, partners; that one received the money and kept the accounts; that the accounts were settled, and the balance struck; and that thus the defendant became debtor to the plaintiff, for his share in money. No

duty remained but to pay the money. It was a debt; and the *sæpe requisitus* was sufficient, without a special demand.

*Exceptions overruled.*